UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO JULIO MAS TAMBRIZ,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-03158-DJC-CKD<br><br><u>ORDER</u> |

Before the Court is a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) filed by a noncitizen detained by Immigration and Customs Enforcement ("ICE"). Respondent asserts Petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(A), which mandates the detention of a noncitizen who is "inadmissible by reason of having committed any offense covered in section 1182(a)(2)," which in turn deems inadmissible a noncitizen "convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a crime involving moral turpitude." 8 U.S.C. § 1226(c)(1)(A); 8 U.S.C. § 1182(a)(2)(A)(i). According to Respondent, Petitioner's conviction for attempted residential burglary in the first degree triggered this detention authority. (ECF No. 8 at 2.) Petitioner has now been in ICE custody for approximately eleven months. (*Id.*) During this time, Petitioner has

never received a bond hearing nor any other individualized assessment of whether he presents a risk of flight or danger to the community.

The matter was referred to a United States Magistrate Judge pursuant to the Eastern District of California's Local Rule 302. On June 5, 2026, the Magistrate Judge filed Findings and Recommendations, which were served on Petitioner and which contained notice that Petitioner could file objections within the time stated therein. (ECF No. 15.) Petitioner filed timely objections to the Findings and Recommendations. (ECF No. 17.) In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 304(f), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court respectfully declines to adopt the Magistrate Judge's recommendation.

When assessing whether a criminal offense matches a crime identified in the Immigration and Nationality Act, courts apply the categorical approach. "Under this approach [courts] look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding" offense. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (quotation omitted). Courts have utilized this approach specifically to assess whether a crime qualifies as one of "moral turpitude," as required to trigger mandatory detention under section 1226(c). *See, e.g.*, *Vasquez Cruz v. Barr*, No. 19-cv-05251-LHK, 2019 WL 6327576, at *4 (N.D. Cal. Nov. 26, 2019) (using categorical approach to determine if a noncitizen was properly detained pursuant to this section).

Accordingly, the Court must first identify the elements of Petitioner's crime of conviction. Petitioner was convicted of attempted first-degree burglary. (ECF No. 8-3 at 2.) Two statutes define this offense. Section 459 of California's penal code provides that "[e]very person who enters" any structure identified by this section "with intent to commit grand or petit larceny or any felony is guilty of burglary." Cal. Penal Code § 459(a). Section 460 then provides that "[e]very burglary of an inhabited dwelling house . . . is burglary of the first degree." Cal. Penal Code § 460(a). Section

459 thus defines the conduct that constitutes burglary while section 460 determines the degree of that offense based on the type of structure entered. Therefore, the elements of Petitioner's convicted offense are (1) entering (2) an inhabited dwelling house (3) with the intent to commit grand or petit larceny or any felony therein.

The Court now assesses whether these elements fit "within the generic federal definition of a corresponding" offense, *Moncrieffe*, 569 U.S. at 190, and concludes that it does not. The Ninth Circuit has found that, if an individual was convicted of "a crime requiring proof that [they] had *unlawfully* entered a *residence* with intent to commit theft or larceny therein, such a conviction would be a CIMT." *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1107 (9th Cir. 2011), *as amended* (Aug. 31, 2011). However, though Petitioner's crime of attempted first-degree burglary required he enter a residence with the intent to commit larceny or any felony therein, his crime does not meet the first element of the generic definition as it does not require his entry to be unlawful. *See People v. Salemme*, 2 Cal. App. 4th 775, 780–81 (1992) (holding those who enter with consent may still commit burglary pursuant to this statute). California's crime of first-degree burglary thus criminalizes more conduct than that prohibited by the analogue deemed a crime involving moral turpitude by the Ninth Circuit. Accordingly, Petitioner's crime of conviction is not a categorical match to the generic definition of a crime involving moral turpitude. *See Hernandez-Cruz*, 651 F.3d at 1107 (holding conviction under Cal. Penal Code § 459 was not a categorical match to a crime involving moral turpitude because "the elements of [petitioner's] convictions did not involve a residence and did not require the entry to be unlawful"); *c.f. Diaz-Flores v. Garland*, 993 F.3d 766, 771–73 (9th Cir. 2021) (holding Oregon's crime of first-degree residential burglary, which requires an *unlawful* entry, qualifies as a crime involving moral turpitude).

Though the Magistrate Judge recognized this distinction between Petitioner's crime of conviction and crimes deemed to involve moral turpitude by the Ninth Circuit (ECF No. 15 at 3–4), the Magistrate Judge nonetheless found that, if such an entry was

not unlawful, "it would have to involve fraud" and "crimes in which fraud was an ingredient have always been regarded as involving moral turpitude." *Id.* at 4 (quotation omitted). However, the Ninth Circuit rejected this argument with respect to this statute, explaining that "[w]hen we analyze a statute to determine whether the conduct it criminalizes is fraudulent, and thus whether the offense qualifies as a crime of moral turpitude, we consider whether the statute meets either of two conditions." *Hernandez-Cruz*, 651 F.3d at 1108 (quotation omitted). "The first condition is that intentional fraud is an element of the offense" and the second "is if the crime is inherently fraudulent, meaning that the statute of conviction requires knowingly false representations made in order to gain something of value." *Id.* (quotations omitted). The Ninth Circuit held section 459 meets neither condition as intentional fraud is "plainly" not an element of this offense and the statute did "not require him to make any representations at all, much less false representations on which he intended others to rely to his pecuniary benefit." *Id.* Though the crime at issue in that case involved an entrance into a commercial building, the Ninth Circuit's observation that section 459 does not require an affirmative representation holds true here and nothing in the text of section 460 requires one be made. Therefore, Petitioner has not been convicted of a crime involving moral turpitude and thus is not mandatorily detained pursuant to section 1226(c)(1)(A).

For the reasons stated in this Court's prior cases, Petitioner's detention is instead governed by 8 U.S.C. § 1226(a). *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025). Petitioner's criminal history does not alter the Court's analysis, though it justifies providing Petitioner with a prompt post-deprivation hearing. *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

////

////

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The Court declines to adopt the findings and recommendations filed June 5, 2026.
2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
3. Within fourteen (14) days of this Order, Respondents shall afford Petitioner Diego Julio Mas Tambriz a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.
4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **September 22, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – MasTambriz26cv03158.jo